## Bulkley v. Richards.

Action of trover, for 193 barrels of tar, and ten barrels of pitch. The defendant, being constable of New London, took the property in question, as the estate of William Prince, by attachment, at the suits of Jedidiah Leeds, Job Taber, & Co. and also, by execution, in favor of Edward Hallman, & Co. The defendant acted by order of the

creditors.    Hallam's execution was satisfied with other estate; so that the whole of the property in question was finally applied to the demands of Leeds and Tabor.

A question arose, whether, under such circumstances, Hallam was a disinterested and legal witness.

By Mr. Halsey and Mr. Wright, it was contended — That this estate, being first taken by Leeds and Tabor, and by them finally sold, they alone would be holden to indemnify the officer, if the present action should be adjudged against him:    That Hallam having withdrawn his claim to the estate, and resigned it up, thereby became wholly unconnected with it, and was, in all respects a disinterested witness.

Mr. Parsons and Mr. Ingersol, *contra*.    The tortious taking of this property, in the first instance, creates the right of action in the present case; and though Hallam afterwards relinquished his claim, and ordered the officer to desist from proceeding on his account, this can only go in mitigation of damages, and the officer is still liable for the act of taking; this being done by the order of Hallam, he is bound to indemnify the officer, and is therefore materially interested in the event of the present suit.

By the COURT.    The whole of Prince's creditors, who directed the officer to levy on those articles, are answerable, if the property appears not to have been in Prince at that time; and afterwards to relinquish the claim, and restore the things taken, does not purge the wrong.— The witness is consequently inadmissible.

The chief justice was inclined to admit the witness, on the ground that his interest in the event was so minute, that it could not be supposed to influence his testimony.